IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| PETER ROTHING,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE BULLOCK, MIKE SALVAGNI, E. WAYNE PHILLIPS, MIKE MENAHAN, BLAIR JONES, VICTOR VALGENTI, MIKE MANION, JAMES SCHEIER, and AMBER GODBOUT,<br><br>Defendants.<br>_____<br><br>PETER ROTHING,<br><br>Plaintiff,<br><br>vs.<br><br>E. WAYNE PHILLIPS,<br><br>Defendant. | CV-15-23-H-JTJ<br><br><br><br>**ORDER**<br><br><br><br><br><br><br><br>CV-15-17-BU-JTJ |

On September 21, 2015, Mr. Rothing filed a document entitled "Notices to

Judges Dana Christensen and Brian Morris." CV 15-23-H-JTJ, Doc. 72. The Court construes the filing as a motion for reconsideration of the September 2, 2015 Order granting Defendants' motions to dismiss Mr. Rothing's claims. Doc. 64.

A final Order has been issued in this case; therefore, the undersigned construes the motion as being filed pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. Rule 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment. Mr. Rothing's motion was timely filed.

Under Rule 59(e), a district court may, in its discretion, alter or amend a judgment if "the district court committed clear error or made an initial decision that was manifestly unjust." *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001). "A motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citation and internal quotation marks omitted). Federal district courts enjoy broad discretion to amend or refuse to amend judgments under Rule 59(e). *McDowell*, 197 F.3d at 1256 (citation omitted).

Rule 60(b) provides for reconsideration where one or more of the following

is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that with reasonable diligence could not have been discovered before the time to move for a new trial under Rule 59; (3) fraud by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief. Fed.R.Civ.P. 60(b). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. *Twentieth Century-Fox Film Corp. V. Dunnahoo*, 637 F.2d 1338, 1341 (9th cir. 1981).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means for attacking some perceived error of the Court. *Dunnahoo*, 637 F.2d at 1341.

Mr. Rothing's only argument seems to be that I am issuing unlawful orders without jurisdiction. His current motion simply restates prior arguments. There is no showing of materially different facts or law or that new material facts have emerged or that there has been a change in the law. Mr. Rothing has not made a showing that the grounds justifying relief are extraordinary. Defendants have been dismissed on the grounds of the *Rooker-Feldman* doctrine and immunity. These are questions of law to be determined by the Court. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990). The motion will be denied.

**IT IS ORDERED** that Mr. Rothing's "Notices to Judges Dana Christensen

and Brian Morris," CV 15-23-H-JTJ, Doc. 72, and CV 15-17-BU-JTJ, Doc. 59 as construed for motions for reconsideration are **DENIED**.

Dated the 30th day of September, 2015.

John Johnston
United States Magistrate Judge